IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**RAJIH RAFEE DONLEY,**

        Petitioner**,**

    v.                                      **Civil Action No. 5:22-CV-132**
                                                      Judge Bailey

**R. MCCAFFREY,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On May 23, 2022, Rajih Rafee Donley, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). Petitioner is a federal inmate housed at FCI Hazelton in Bruceton Mills, West Virginia and is challenging the computation of his federal sentence that began on the date that he was paroled from his state sentence. On June 10, 2022, petitioner paid the $5.00 filing fee. On July 20, 2022, respondent was ordered to show cause why the Petition should not be granted. On August 17, 2022, respondent filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Doc. 13]. That same day, petitioner was issued a ***Roseboro*** Notice providing him with twenty-one days to file any opposition to the Motion. To date, petitioner has not filed a response. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the Motion to Dismiss be granted and that the Petition be dismissed.

1

## II.  BACKGROUND

Petitioner was arrested, on May 3, 2019, pursuant to an arrest warrant for offenses committed in Black Hawk County, Iowa of Willful Injury Causing Serious Injury, Intimidation with a Serious Weapon with the Intent to Injure or Provoke Fear, Going Armed with Intent, Dominion/Control of Firearm/Offensive Weapon by Felon, and Carrying Weapons, Iowa State Court case number FECR219284.  On May 23, 2019, petitioner was indicted in the United States District Court for the Northern District of Iowa in U.S. v. Donley, Case Number 6:19CR02035-001 for Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On September 27, 2019, Petitioner was sentenced in Black Hawk County Court to a ten-year term of imprisonment in Case Number FECR219284.  On July 1, 2020, the United States District Court for the Northern District of Iowa issued a writ of *Habeas Corpus Ad Prosequendum*.  On August 31, 2020, Petitioner was taken into temporary custody by the United States Marshals Service.  On March 16, 2021, petitioner was sentenced in the United States District Court for the Northern District of Iowa for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Case Number 6:19CR02035-001.  Petitioner was sentenced to a 27-month term of imprisonment followed by a three-year term of supervised release to be served consecutively to the undischarged term of imprisonment imposed by the state court in Black Hawk County, Iowa for Willful Injury Causing Serious Injury, Intimidation With a Serious Weapon with the Intent to Injure or Provoke Fear, Going Armed with Intent, Dominion/Control of Firearm/Offensive Weapon by Felon, and Carrying Weapons, Iowa

State Court case number FECR219284.[1]

On April 1, 2021, petitioner was returned to the Iowa Department of Corrections to complete his Iowa state sentence.  Upon completion of his state sentence the United States lodged a detainer to transfer petitioner into the custody of the BOP.  On August 18, 2021, petitioner was paroled from the Department of Corrections and his federal sentence began.  The Bureau of Prison ("BOP") prepared a sentence commutation for Petitioner commencing on the date he was released from state custody.  The BOP found that petitioner did not receive qualified pre-sentence credit because any previous days in custody were already applied to petitioner's ten-year state term of imprisonment.

### III.    STANDARD OF REVIEW

**A. Motion to Dismiss**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.'  **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)."  **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs.  **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

---

[1] The Court ordered that the federal term also be served consecutively to any term of imprisonment the Cobb County, Georgia Court imposed in Case Number 12-T-7193 for Driving Under the Influence of Alcohol, Driving with an Unlawful Alcohol Content, Speeding, and No License.  On September 21, 2021, while in federal custody, petitioner was sentenced to a term of 12-months imprisonment for this crime, to which he was released from serving via time served.

3

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995). In ***Twombly***, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." ***Williams v. Branker***, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

**B. Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Thus,

the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. CLAIMS OF THE PETITION

In his Petition, petitioner raises one issue.  He states that his federal sentence should have started the day he was paroled from his state sentence. [Doc. 1].  He asserts that he was paroled on July 14, 2021, not August 18, 2021.  Thus, he seeks credit from July 14, 2021 to August 18, 2021.

## V.   ANALYSIS

### A. Exhaustion

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. *See, e.g.,* **Martinez v. Roberts**, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); **Moscato v. Federal Bureau of Prisons**, 98 F.3d 757 (3rd Cir. 1996) (same); **McCallister v. Haynes**, 2004 WL 3189469 (N.D.W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. *See* **LaRue v. Adams**, 2006 WL 1674487 *8 (S.D. W.Va. June 12, 2006) (citing **Smith v. Angelone**, 111 F.3d 1126, 1129-31 (4th Cir.) *cert. denied*, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. *See id.* at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. *See* **Alexander v. Hawk**, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve

scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" *Id*. at 1327 (citation omitted).

In this case, petitioner clearly has not exhausted his administrative remedies because he has failed to appeal his request to the Central Office level. Petitioner only filed two administrative remedies regarding his sentence credit, Remedy ID:1115996-F1 and Remedy ID:1115996-R2. [Doc 13–2].

Exhaustion of administrative remedies would clearly be appropriate in this instance given that the BOP is charged with the responsibility of sentence computation and has expertise in this area. *See* **United States v. Wilson**, 503 U.S. 329, 112 S.Ct. 1351 (1992) (the Attorney General, through the BOP, has the responsibility for administering federal sentences); **United States v. Lucas**, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). Moreover, the record now before this Court is devoid of the necessary facts by which this Court needs to accurately assess the legitimacy of the petitioner's claims. By requiring the petitioner to attempt resolution of his claim within the Bureau's administrative remedy process, the Court would be promoting many of the policies which underlie the exhaustion principle.

**B. Sentence Credit**

Even if this Court found that exhaustion was not necessary, petitioner's claim must be dismissed. Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commences. **United**

*States v. Wilson*, 503 U.S. 329, 334 (1992).  In making this computation, the BOP must adhere to 18 U.S.C. § 3585 (b), which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

*Id.*

Under section 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence is to be served."  Generally, when an inmate is facing sentences imposed by both federal and state authorities, the sovereign that first arrested the inmate retains primary custody over him until that sovereign's imposed sentence is satisfied.  *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998).  When an inmate is borrowed pursuant to a writ of habeas corpus ad prosequendum, the original sovereign has "merely loan[ed] that prisoner to federal authorities" and does not forfeit its primary jurisdiction.  *Id.*  "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."  *Id.*

In this case, petitioner was granted parole by the Iowa Department of Corrections on July 14, 2021, to begin on August 18, 2021.  Petitioner is mistaken on his date of parole from the Iowa Department of Corrections.  He is relying on the date that the Board met and granted his matter of parole and not on his actual release date.  Petitioner's federal sentence started the date of his actual parole date of August 18, 2021.

8

Accordingly, petitioner is not entitled to additional credit and this Petition must be dismissed.

## VI.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [**Doc. 13**] be **GRANTED**, and that the Petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Each party shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* petitioner by certified mail, return receipt requested. In addition, this Report and Recommendation

9

completes the referral from the District Court. The Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

      **DATED:** October 4, 2022.

                                            */s/ James P. Mazzone*
                                            JAMES P. MAZZONE
                                            UNITED STATES MAGISTRATE JUDGE